| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Jeremy V. Richards (SBN # 102300)<br>10100 Santa Monica Blvd. Suite 1300<br>Los Angeles, CA  90067<br>Tel: (310) 277-6910<br>Fax: (310) 201-0760<br>E-mail: jrichards@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* PRICELINE.COM | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>AIRPORT VAN RENTAL, INC., a California corporation,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-20876-BB<br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(PERSONAL PROPERTY)**<br><br>DATE: 02/23/2021<br>TIME: 10:00 am<br>COURTROOM: 1539 |
|---|---|

**Movant:**
   PRICELINE.COM

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012         ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                                    Page 1                                                    F 4001-1.RFS.PP.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/31/2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm (if applicable)

Jeremy V. Richards
Printed name of individual Movant or attorney for Movant

/s/ Jeremy V. Richards
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 2                                   F 4001-1.RFS.PP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☐ Vehicle (*year, manufacturer, type, and model*):

      *Vehicle Identification Number:*
      *Location of vehicle (if known):*

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s):*

      *Location (if known):*

   c. ☒ Other Personal Property (*type, identifying information, and location*):
      Contractual right to terminate Agreement with Debtor dated February 1, 2016 (see attachment).

3. **Bankruptcy Case History:**

   a. ☒ A voluntary bankruptcy petition   ☐ An involuntary bankruptcy petition
      under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13  was filed on (*date*) 12/11/2020 .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☐ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☐ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (D) ☐ Other (*see attached continuation page*).

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                                    F 4001-1.RFS.PP.MOTION

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  (3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

  (4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

  (5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

  (6) ☐ Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

  (7) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

  c. ☐ Other *(specify)*:

6. ☐ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

  a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☐ Supplemental declaration(s).

  c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

  d. ☒ Other:

     Declaration in support of motion and Memorandum of Points and Authorities to be filed.

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014     Page 4     F 4001-1.RFS.PP.MOTION

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☐ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☒ See continuation page for other relief requested

Date: 12/31/2020

PACHULSKI STANG ZIEHL & JONES LLP
Print name of law firm

Jeremy V. Richards
Print name of individual Movant or attorney for Movant

/s/ Jeremy V. Richards
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 4001-1.RFS.PP.MOTION

In re: AIRPORT VAN RENTAL, INC.
Case No. 2:20-bk-20876-BB

# ATTACHMENT TO MOTION FOR RELIEF FROM STAY.

1.  Movant seeks to exercise its right to terminate that certain Rental Car Rental Service Participation Agreement between Movant and Debtor, dated February 1, 2016 (the "Agreement") pursuant to Section 11(i) thereof (based upon material breaches thereunder); and Section 10 thereof (non-renewal). This Notice of Motion and Motion shall serve as the required notice of non renewal set forth in Section 10.

2.  A true and correct copy of the Agreement is attached hereto as Exhibit "A".

# EXHIBIT A

# RETAIL CAR RENTAL SERVICE PARTICIPATION AGREEMENT

This Retail Car Rental Service Participation Agreement (as amended, restated, supplemented or otherwise modified from time to time and including all exhibits, attachments and appendices hereto, the "*Agreement*") is dated as of February 1, 2016 (the "*Effective Date*"), by and between **priceline.com LLC**, a Delaware limited liability company having a business address at 800 Connecticut Avenue, Norwalk, Connecticut 06854 ("*Priceline*"), and **Airport Van Rental**, a [ Corporation ] having a business address at [5235 W. 104th St. Los Angeles, CA 90045] its own behalf for its corporate owned locations and for its licensee locations that elect to participate in the program hereinafter described (collectively, "*Partner*").

WHEREAS, Priceline is in the business of, among other things, offering rental car reservations through websites, mobile devices and other channels owned by, operated by or affiliated with Priceline (collectively, the "*Priceline Channels*") at retail rates made available by Priceline's participating suppliers (the "*Retail Car Rental Service*"); and

WHEREAS, Partner is, among other things, in the business of renting cars to customers and Partner and Priceline desire that Partner participate as a Retail Car Rental Service provider;

NOW THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto agree as follows:

### A.    Retail Car Rental Service

1.  Pursuant to the terms of this Agreement, Partner will participate as a supplier of rental cars in the Retail Car Rental Service.

2.  Partner will be the merchant of record for all Partner rental cars booked through the Retail Car Rental Service.

3.  All charges in connection with car rental reservations made through the Retail Car Rental Service, including ancillary charges and/or incremental charges relating to optional products and/or services, the extension of the rental period, the late return of a vehicle, and/or any other charges arising from a rental transaction, but excluding any products or services purchased on the Priceline Channels, shall be subject to the standard rate structure of Partner and shall be administered, processed and collected by Partner. Partner or the participating location will inform customers of Partner's standard rates relating to extension of the rental period, the late return of a vehicle, and/or any other charges arising from a rental transaction, at the time of a customer's pick-up of a vehicle. If at the commencement of the rental, the customer requests a car from a higher class than reserved, such upgrade may be allowed at an additional charge if a car from that higher class is available at the time the rental commences. In such event, Partner shall maintain the original Priceline booking and collect any additional charge from the customer at that time. In no event shall Partner cancel the Priceline-generated reservation and generate a new reservation for the higher class car. In the event that the car type booked is not available when the customer arrives, the customer shall receive a higher class car at no additional charge.

Partner will remit to Priceline a commission in U.S. dollars for each completed rental by a user of the Retail Car Rental Service in an amount set forth on Exhibit A hereto (the "*Retail*

*Commission*") and in addition, if applicable in accordance with the terms of Exhibit A, an override in U.S. dollars for each completed rental by a user of the Retail Car Rental Service in an amount set forth on Exhibit A (the "*Override*"). In addition: (i) aggregate Retail Commissions shall be payable monthly in arrears on or before the 31st day of the month following the month in which the Retail Commission shall have been earned; ii) aggregate Overrides shall be payable quarterly in arrears on or before the 15th day of the next month following the quarter in which the Override shall have been earned; (ii) each Retail Commission shall be earned at the time of a customer's return of a rented vehicle; (iii) aggregate Retail Commission, and if applicable, Overrides payments shall be directed to Priceline at the address first above written, Attention: Controller; and (iv) Retail Commissions and Override payments shall not be subject to clawback or retraction by Partner due to error after six months following payment of such Retail Commission or Override payment.

In addition and in connection with remittance of aggregate Retail Commissions, Partner shall deliver to Priceline an electronic report detailing: (a) the calculation of the aggregate Retail Commissions and, if applicable, Overrides, for the preceding month, (b) if requested by Priceline from time to time for use solely to enable Priceline to match a transaction with its own database and for no other use (and subject to Priceline's compliance with its privacy and information security policies), a customer identifier for each user of the Retail Car Rental Service (i.e., an e-mail address, mailing address or telephone number) mutually agreed to by both parties; (c) for successful bookings, rental specific statistics, including without limitation Customer Name, Pickup Date, Confirmation Number, Time and Mileage, Commission Amount; and (d) such other information as Priceline may reasonably request. In the event that Partner fails to pay any undisputed Retail Commission by the due date, such Retail Commission shall bear interest at a rate equal to the lesser of 1% per month or the highest rate allowed by law, and without limiting the foregoing or any other rights or remedies Priceline may have, shall entitle Priceline to suspend Partner's participation in the Retail Rental Car Service until such failure is cured.

4. Priceline may, in its discretion, cause one or more of its affiliated companies under the control of the Priceline Group Inc. to operate some or all of the Retail Rental Car Service.

5. Partner shall provide Priceline with a financial guarantee in the form of an irrevocable Standby Letter of Credit (hereinafter referred to as "LOC") drawn on a U.S. bank acceptable to Priceline, drafted in a format approved by Priceline, and in the aggregate amount, $50,000.00 USD, prior to March 1, 2016. The LOC shall be effective on the Effective Date and shall remain in effect for ninety (90) days following the termination of this Agreement. Notice of intent to extend the original LOC for any further period must be provided to Priceline on behalf of Partner by the issuing bank on or before ninety (90) days prior to the expiration date of the original LOC.

Priceline reserves the right, at its sole discretion, to require additional financial guarantees in the form of a supplementary LOC for part of the term of the Agreement. Should Partner not provide the required additional financial guarantees, Priceline reserves the right to refuse to accept future reservations from Partner until the guarantees have been supplied or to terminate the Agreement.

The LOC shall be held by Priceline as guarantee of payment. In the event that Partner does not make payment on any invoice within the applicable time period set forth in Section 4, Priceline reserves the right to draw on the LOC on presentation, by an

authorized officer of Priceline, of a signed sight draft. Priceline shall send written notice of such defaults to Partner. If Partner has not cured such default within (5) five business days, the LOC will be drawn upon. A notarized or witnessed statement will not be required to exercise this right.

Should Priceline draw on the LOC, either in part or in full, Priceline reserves the right to suspend Partner's participation in the Retail Rental Car Service until the LOC has been restored to its original value or to terminate the Agreement.

### B. Miscellaneous

1. Participation of any Partner licensee rental car location in the Retail Car Rental Service shall constitute such licensee's acceptance of the terms of this Agreement. Partner must provide reasonable advanced notice of its licensee locations to be included or to be discontinued in the Retail Car Rental Service. Priceline reserves the right to deny participation of any proposed participating licensee in the Retail Car Rental Service and/or to terminate any participating licensee's participation in the Retail Car Rental Service at any time.

2. Partner shall be solely responsible for fulfilling its rental car reservations booked by users of the Retail Car Rental Service, including generating and procuring appropriate rental documentation from users of the Retail Car Rental Service at the time of pickup. Partner shall be solely responsible for all liabilities relating to each rental of its vehicles once the user of the Retail Car Rental Service reaches the pickup counter of Partner. In connection with booking a car rental with Partner pursuant to the Retail Car Rental Service, Priceline will provide Partner with adequate rental information for its records.

3. Partner agrees to load rates into the Worldspan / Travelport Customer Reservation System consistent with Priceline's business process. Priceline reserves the right to select an alternative process for loading rates, provided Priceline gives reasonable advance notice to Partner of any such change. Partner shall provide Priceline with rental car rates, including pre-paid rates, for the Retail Rental Car Service that are (a) no higher than those provided to any other online travel service or stand-alone online channel for the same itinerary and (b) as favorable to Priceline in terms of vehicle availability, restrictions and other terms and conditions than those provided to any other online travel service or stand-alone online channel. In addition, the rental car rates provided by Partner shall be no higher than corresponding rates available to the general public on any websites or applications branded under Partner's brand.

4. Cars rented to users of the Retail Car Rental Service will be consistent with the quality of cars being rented to the general public. Partner shall provide customer service to users of the Retail Car Rental Service in a manner consistent with or better than the customer service to the general public renting cars from Partner. In the event that Priceline experiences disproportionately more customer service issues or negative customer experiences related to Partner rentals than for other rental car suppliers, then without limiting any other rights or remedies it may have, Priceline may suspend Partner's or any licensee's participation in the Retail Car Rental Service until such time as such customer service issues are resolved to Priceline's reasonable satisfaction.

5. Partner shall keep all data relating to a user of the Retail Car Rental Service ("Customer Data") that is transmitted by Priceline to Partner strictly confidential and shall secure and protect such data to at least the same extent that it secures and protects its own customer data. Without limiting the foregoing, Partner may only use such Customer Data for legitimate business purposes related directly to this Agreement, provided, however, that (i) such use complies with all applicable laws, rules and regulations, and (ii) any communication sent to a user of the Retail Car Rental Service shall be transactional in nature only, and shall not contain any marketing materials or message.

6. Priceline and Partner will be responsible for their own acts and omissions including acts and omissions of their respective agents and employees and, with respect to Partner (subject to the limitations herein set forth), Partner's participating licensees, and will fully defend, indemnify and hold harmless the other party from and against all liabilities, claims and damages (including attorney fees) arising from any act or omission for the other party and its respective licensees, agents and employees. In addition, Partner will defend, indemnify and hold harmless Priceline from and against any losses, claims, and damages arising out of a customer's use or operation of a Partner vehicle.

7. The indemnification obligations contained herein will survive the termination or expiration of this Agreement for matters arising out of performance under this Agreement for a period of three (3) years after the date of such termination.

8. THE INDEMNIFICATION OBLIGATIONS SET FORTH HEREIN SHALL BE THE SOLE AND EXCLUSIVE MEANS OF OBTAINING A REMEDY FROM A PARTY HERETO IN CONNECTION WITH THE RETAIL CAR RENTAL SERVICE, EXCEPT IN THE EVENT OF GROSS NEGLIGENCE, WILFUL MISCONDUCT OR FRAUD. UNDER NO CIRCUMSTANCES SHALL EITHER PARTY TO THIS AGREEMENT BE LIABLE TO THE OTHER FOR ANY INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES, INCLUDING LOSS OF PROFITS, REVENUE, DATA, OR USE, INCURRED BY EITHER PARTY, WHETHER IN AN ACTION IN CONTRACT OR TORT OR BASED ON A WARRANTY, EVEN IF THE OTHER PARTY OR ANY OTHER PERSON HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

9. Partner agrees that all rental counter and reservation personnel will be properly informed and familiar with the Retail Car Rental Service and Partner will accept responsibility for any improperly handled customers.

10. This Agreement shall have an initial term of one (1) year (the "Initial Term"), after which this Agreement shall automatically renew for successive one (1) year periods (each, a "Renewal Term") unless and until such time as either party provides notice to the other of its intention not to renew this Agreement not less than thirty (30) days prior to the end of the Initial Term or the then current Renewal Term. Upon the discontinuation or termination of this Agreement for any purpose, and so long as Partner is not in default of its payment obligations with respect to booked but not yet closed rental reservations, both parties shall continue to be responsible for their respective obligations relating to any rental car reservation that is booked but not yet closed-out prior to the discontinuation or termination of Partner's participation in the Retail Car Rental Service.

11. Notwithstanding anything herein to the contrary, either Party may terminate this Agreement: (i) upon any material breach of this Agreement by the other Party that is not cured within thirty (30) calendar days of the date on which written notice is given to such

other Party of such material breach, or in the case of a material breach resulting from non-payment of Retail Commissions, that is not cured within ten (10) calendar days from the notice date; or (ii) immediately upon the commencement of a voluntary or involuntary bankruptcy, insolvency, bankruptcy-related reorganization or similar proceeding of the other party. Following any termination or expiration of this Agreement, both parties shall continue to be responsible for their respective obligations relating to any rental car reservation that is booked but not yet closed-out prior to the discontinuation or termination of Partner's participation in the Retail Car Rental Service.

12. Partner and Priceline acknowledge and agree that (i) nothing contained in this Agreement shall provide any right of Partner or obligation on Priceline to include Partner as a participating supplier in any non-retail car rental service operated by Priceline; and (ii) this Agreement solely contemplates the terms and conditions of Partner's participation in the Retail Car Rental Service.

13. Neither party will make any press release or public announcement about the existence and/or the terms of this Agreement without the prior written consent of the other party.

14. All notices, requests and other communications hereunder must be in writing and shall be deemed to have been duly given only if delivered personally, by electronic mail, by facsimile transmission, mailed (certified mail, return receipt requested, postage prepaid) or sent by overnight delivery by an overnight courier having a national reputation, to the parties at the following addresses or facsimile numbers:

If to Priceline:

priceline.com LLC
800 Connecticut Avenue
Norwalk, CT 06854
Attn:    Bill Jose
         SVP, Rental Cars
Fax:    203-299-8077
Email:  bill.jose@priceline.com

With a copy to:

General Counsel
Fax: 203 299-8915

If to Partner:

Airport Van Rental
[insert address] 5235 W. 104th St
                 Los Angeles, CA 90045
Attn: Todd Cuffaro
Fax:
Email: Todd@airportvanrental.com

With a copy to: N/A

All such notices, requests and other communications shall (i) if delivered personally to the address as provided in this Section, be deemed given upon delivery, (ii) if delivered by electronic mail to the address as provided in this Section, be deemed given when confirmed (by acceptable protocol), (iii) if delivered by facsimile transmission to the facsimile number as provided in this Section, be deemed given upon receipt, (iv) if delivered by mail in the manner described above to the address as provided in this Section, be deemed given five (5) business days after the same is mailed, and (v) if delivered by overnight courier, one (1) business day after delivery to such overnight courier. Any party hereto from time to time may change its address, electronic mail address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

15. This Agreement shall be governed by the laws of Connecticut, as such laws are applied to contracts entered into and fully performed in Connecticut. This Agreement may be executed in counterparts, each of which shall be deemed an original and both of which shall be deemed one and the same instrument. This Agreement constitutes the entire agreement and understanding between the parties hereto in connection with the subject matter hereof, and supersedes and cancels all previous negotiations, commitments and writings with respect thereto.

This Agreement is executed by the authorized representatives of Priceline and Partner, respectively, as of the date first above written.

**priceline.com LLC**

By: _____
Its:

Bill Jose
SVP, Rental Cars

**Airport Van Rentals**

By: _____
Its:

Todd Cuffaro
Director of Operations

## Exhibit A

### Retail Commissions and Overrides

Partner shall pay Priceline a Retail Commission in the amount of (a) twenty-four percent (24%) of Total Time and Mileage (as defined below) for each completed rental generated from the Retail Car Rental Service at any pick-up location.

Prior to the first anniversary of the Effective Date, in addition to the Retail Commission, Partner shall pay Priceline an Override each calendar quarter equal to three percent (3%) of Total Time and Mileage for such quarter. After the first anniversary of the Effective Date, in addition to the Retail Commission, Partner shall pay Priceline an Override each calendar quarter based upon the year-over-year growth in Retail Car Rental Service bookings generated by Partner during such quarter, in accordance with the following:

| Year-Over-Year Growth in Quarterly Bookings | Override on Total Time and Mileage |
|---|---|
| 0.00% – 4.99% | 1.0% |
| 5.00% – 9.99% | 2.0% |
| 10.00% or more | 3.0% |

"*Total Time and Mileage*" shall mean total worldwide time and mileage revenue earned by Partner on each vehicle rental transaction originated through the Retail Car Rental Service.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd. Suite 1300, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/31/2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
[See attached]

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12-31-2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12-31-2020 | Gini L. Downing | /s/ Gini L. Downing |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
IN RE: AIRPORT VAN RENTAL, INC.
Case No. 2:20-bk-20876-BB

- **Michael G D'Alba**    mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Evelina Gentry**    evelina.gentry@akerman.com, rob.diwa@akerman.com
- **Lydia A Hewett**    lydia.hewett@cpa.state.tx.us
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Courtney J Hull**    bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov
- **Matthew F Kye**    mkye@kyelaw.com
- **Kenneth G Lau**    kenneth.g.lau@usdoj.gov
- **Haleh C Naimi**    hnaimi@advocatesolutionsinc.com
- **Tom Roddy Normandin**    tnormandin@pnbd.com, srichards@pnbd.com;cathyjones@pnbd.com;msmigura@pnbd.com
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Richard A Solomon**    richard@sgswlaw.com
- **John N Tedford**    jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Glenn S Walter**    gwalter@honigman.com
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com