1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *jtedford@DanningGill.com*
2  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
3  MICHAEL G. D'ALBA (State Bar No. 264403)
   *mdalba@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-6006
6  Facsimile: (310) 277-5735

7  Attorneys for Airport Van Rental, Inc. and AVR
   Vanpool, Inc., Debtors and Debtors in Possession

**FILED & ENTERED**

**SEP 16 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** evangeli **DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

AIRPORT VAN RENTAL, INC., et al.,[1]

    Debtors and Debtors in Possession.

☒ Affects all Debtors

☐ Affects the following Debtor(s):

Case No. 2:20-bk-20876-BB

Chapter 11 (Jointly Administered)

**ORDER CONFIRMING FIRST MODIFIED FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 24, 2022**

Date:  September 15, 2022
Time:  10:00 a.m.
Place:  Courtroom 1539
       255 East Temple Street
       Los Angeles, California

On September 15, 2022, the Court[2] conducted a hearing on the request by debtors and debtors in possession Airport Van Rentals, Inc., a California corporation ("**AVR California**"), and AVR Vanpool, Inc., a California corporation ("**AVR Vanpool**") (collectively the "**Debtors**"), for

---

[1] Pursuant to an order of the Court, this case is being jointly administered with a case filed by AVR Vanpool, Inc., a California corporation, case no. 2:20-bk-20883-BB. The case also was jointly administered with the following three cases that have been dismissed: Airport Van Rental, Inc., a Georgia corporation, case no. 2:20-bk-20877-BB; Airport Van Rental, Inc., a Nevada corporation, case no. 2:20-bk-20878-BB; and Airport Van Rental, LLP, a Texas limited liability partnership, case no. 2:20-bk-20882-BB.

[2] Capitalized terms used in this Confirmation Order but not otherwise defined herein have the same meanings ascribed to them in the Plan, unless the context otherwise requires.

1693491.4  26988       1

confirmation of the *First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022* (the "**Plan**") (*docket no. 1017*).  John N. Tedford, IV, of Danning, Gill, Israel & Krasnoff, LLP, appeared on behalf of the Debtors; and all other appearances were as noted on the record at the hearing.

The Court having previously approved the *Disclosure Statement for First Amended Chapter 11 Plan of Reorganization Dated March 16, 2022* (the "**Disclosure Statement**") (*docket no. 913*), by order entered on May 27, 2022 (the "**Disclosure Statement Order**") (*docket no. 924*), having reviewed the Debtors' *Proof of Service of Solicitation Packages and Related Notices* (*docket no. 939*), having previously entered the *Order (1) Granting Application for Authority to Employ Force Ten Partners, LLC, As Investment Banker Pursuant to 11 U.S.C. § 328, and (2) Approving Sale Procedures* (the "**Sale Procedures Order**") (*docket no. 890*), as modified by the *Order on Committee's Emergency Motion for an Order Extending Certain Bid-Related Deadlines in the May 6, 2022 Order Approving Sale Procedures* (*docket no. 970*), having previously entered the *Order Re Prevailing Bidder* (*docket no. 989*) confirming Yazdan Irani as the "Prevailing Bidder" as that term is used in the Sale Procedures Order, having previously entered the *Order Granting Motion for Authority to Modify the Debtors' Proposed Chapter 11 Plan, and Order Authorizing Certain Creditors to Modify Ballots* (*docket no. 1013*), having reviewed the Debtors' *Plan Ballot Summary* (*docket no. 1022*), having reviewed the Debtors' *Memorandum of Points and Authorities in Support of Confirmation of Debtors' First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022* (the "**Confirmation Brief**") (*docket no. 1042*), and having reviewed the response (*docket no. 1044*) filed by the Official Committee of Unsecured Creditors (the "**Committee**"), having heard the statements of counsel at the hearing, having determined that the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code have been satisfied, for the reasons stated on the record at the hearing, for good cause appearing, it is

**ORDERED THAT:**

1. The Plan is **CONFIRMED** pursuant to section 1129(a) of the Bankruptcy Code.

2. The Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions required to effectuate the Plan and the transactions contemplated therein.

3. **Except as provided in paragraph 4 below, the following events are conditions precedent to the occurrence of the Effective Date:**

 (a) entry of this *Order Confirming First Modified First Amended Chapter 11 Plan Of Reorganization Dated May 24, 2022* (the "**Confirmation Order**");

 (b) deposit of $850,000 in the Segregated Account, to be transferred by the Debtors or the Reorganized Debtors to the Plan Disbursing Agent on the Effective Date;

 (c) the Professional Fee Escrow shall have been established and funded, or funds shall have been earmarked, in accordance with Section V.A.3 of the Plan;

 (d) any stay of enforcement of this Confirmation Order has expired or is otherwise no longer in effect; and

 (e) execution and delivery of all documents, instruments and agreements to be executed in connection with the Plan.

4. The conditions set forth in subparagraphs 3(d) and 3(e) of this Confirmation Order may be waived or modified in whole or in part by the Debtors.

5. The Reorganized Debtors shall file a notice of the entry of this Confirmation Order and occurrence of the Effective Date no later than 5 business days after the Effective Date. Filing of such notice shall constitute service thereof upon all Persons on the Electronic Mail Notice List maintained by the Clerk of the Court for the Debtors' Cases. In addition, no later than 5 business days after the Effective Date, the notice shall be served by regular mail on all known creditors and parties in interest.

6. The Irani Contribution Agreement is **APPROVED** pursuant to section 1123 of the Bankruptcy Code and FRBP 9019, and shall be effective and binding on all parties thereto on the Effective Date. The Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions required to effectuate the transactions contemplated therein.

7. With one modification, the Plan Compromise Agreement is **APPROVED** pursuant to section 1123 of the Bankruptcy Code and FRBP 9019, and shall be effective and binding on all parties thereto on the Effective Date. Paragraph 9(c) of the Plan Compromise Agreement shall be amended by the parties to provide as follows:

If the ownership of the Reorganized Debtor, or substantially all of Reorganized Debtor's assets, is not sold within eight (8) years after the Effective Date of the Plan, the Reorganized Debtor shall pay $700,000 to the Settlement Fund within ten (10) business days after the end of the eighth (8th) year.

The Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions required to effectuate the transactions contemplated therein.

8. Howard B. Grobstein is **HEREBY APPOINTED** as the Plan Disbursing Agent, and the selection of Mr. Grobstein as the Plan Disbursing Agent is **APPROVED**. In accordance with Section IX.J of the Plan and the Plan Compromise Agreement, Mr. Grobstein shall act as the Plan Disbursing Agent for the purpose of making distributions to the Beneficiaries.

9. Except as otherwise provided in the Plan, requests for payment of Administrative Expense Claims other than (a) Professional Fee Claims and (b) those arising in the ordinary course of business, shall be filed with the Court no later than the first Business Day that is 30 days after the Effective Date. Any such request must include, at a minimum: (a) the name of the Holder of the alleged Administrative Expense Claim; (b) the asserted amount of the Administrative Expense Claim; (c) the basis of the Administrative Expense Claim; and (d) supporting documentation for the Administrative Expense Claim. **THE FAILURE TO TIMELY AND PROPERLY FILE A REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISCHARGED. IF FOR ANY REASON ANY SUCH ADMINISTRATIVE EXPENSE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISCHARGED, THEN THE HOLDER OF SUCH CLAIM SHALL IN NO EVENT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN.**

10. For the avoidance of doubt: Pursuant to section 503(b)(1)(D) of the Bankruptcy Code and the Plan, a Governmental Unit shall not be required to file a request for the payment of an expense described in section 503(b)(1)(B) or (C) of the Bankruptcy Code as a condition of its being an Allowed Administrative Expense Claim. Similarly, notwithstanding anything to the contrary in Section V.A of the Plan or this Confirmation Order governing Other Administrative Expense Claims, a Governmental Unit that is the Holder of an Other Administrative Expense

Claim of a type described in section 503(b)(1)(B) and (C) of the Bankruptcy Code shall not be required to file a request for payment of such Claim as a condition of its being an Allowed Other Administrative Expense Claim.

11. Postpetition tax liens, if any, of Dallas County, Harris County and the Irving Independent School District, to the extent they are entitled to such liens, shall be expressly retained in accordance with applicable non-bankruptcy law until the Postpetition taxes are paid in full.

12. The Executory Contract and Unexpired Lease provisions set forth in Section X of the Plan, and the assumptions or rejections described in Section X of the Plan, are approved.

13. Upon the Debtors' assumption of Executory Contracts or Unexpired Leases assumed pursuant to the Plan or any assumption order entered in the Cases, and payment in full of the applicable Cure Claim, no default shall exist under any such assumed Executory Contract or Unexpired Lease (the "**Assumed Contracts**") and no counterparty to any such Assumed Contract shall be permitted to declare or enforce a default by the Debtors thereunder, whether monetary or nonmonetary.  To the extent a counterparty to an Assumed Contract failed to timely object to the Debtors' designation of the cure amount as zero dollars, such cure amount shall be deemed to be finally determined and any such counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of such cure amount at any time.

14. Notwithstanding anything in the Plan or this Confirmation Order to the contrary, unless otherwise agreed by the Debtors or the Reorganized Debtors (as applicable), on the one hand, and The City and County of San Francisco, acting by and through the San Francisco Airport Commission ("**SFO**"), on the other hand, the allowed amount of SFO's Cure Claim shall be paid in six equal monthly installments due on the twentieth day of each month, without interest or finance charges on such installments.  If the Debtors' Executory Contract with SFO ultimately is rejected pursuant to Section X.F of the Plan and the *Stipulation Regarding Assumption Objection by City and County of San Francisco* (*docket no. 1038*), as approved by Order entered on September 7, 2022 (*docket no. 1040*), solely as to SFO the Administrative Expense Claim Bar Date shall be 30 days from (a) the date of entry of an Order of the Court approving such rejection, or (b) if no such

1693491.4  26988                                5

Order is entered, the date on which the Debtors notify SFO in writing of such rejection pursuant to Section X.F of the Plan.

15.    The following provisions of the Plan are hereby approved pursuant to FRBP 3020(c)(1) and shall be effective immediately on the Effective Date:  (a) Discharge of Claims (Section XI.B); (b) Releases by the Debtors (Section XI.C); (c) Exculpation (Section XI.D); (d) Injunction (Section XI.E); and (e) Temporary Enforcement Injunction Re Claims Against Responsible Persons (Section XI.F).

16.    Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in a contract, instrument, or other agreement or document executed pursuant to the Plan (including the Plan Compromise Agreement with respect to the CDTFA Claim), the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, **EFFECTIVE AS OF THE EFFECTIVE DATE**, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code, or (c) the Holder of such a Claim or Interest has voted to accept the Plan.  Any default or "event of default" by the Debtors with respect to any Claim or Interest that existed immediately before or on account of the filing of the Cases shall be deemed cured (and no longer continuing) as of the Effective Date with respect to a Claim that is Unimpaired by the Plan.  This Confirmation Order constitutes a judicial determination of the discharge of all Claims and Interests, subject to the Effective Date occurring.

17. Except as otherwise provided in the Plan (including in Sections VI.K and VI.L of the Plan governing the treatment of Secured Claims of the Texas Comptroller of Public Accounts) or this Confirmation Order:

> **THIS CONFIRMATION ORDER SHALL ACT AS A TEMPORARY INJUNCTION TO STAY AND RESTRAIN THE TAKING OF ANY OF THE FOLLOWING ACTIONS BY GOVERNMENTAL UNITS AGAINST RESPONSIBLE PERSONS IN THEIR CAPACITY AS RESPONSIBLE PERSONS UNDER NON-BANKRUPTCY LAW, OR AGAINST PROPERTY IN WHICH THE RESPONSIBLE PERSONS HOLD AN INTEREST, ON ACCOUNT OF ANY JUDGMENTS, CLAIMS OR CAUSES OF ACTION THAT ARISE OUT OF OR RELATE TO TAX CLAIMS AGAINST THE DEBTORS OR THE ESTATES: (1) COMMENCING OR CONTINUING ANY JUDICIAL, ADMINISTRATIVE, OR OTHER ACTION OR PROCEEDING; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; AND (3) CREATING, PERFECTING OR ENFORCING ANY LIEN, SECURITY INTEREST, OR OTHER ENCUMBRANCE.**
>
> **THIS TEMPORARY ENFORCEMENT INJUNCTION SHALL CONTINUE IN EFFECT UNTIL THE EARLIEST OF THE FOLLOWING: (A) ALL OF THE DISTRIBUTIONS REQUIRED TO BE MADE TO THE AFFECTED CREDITOR UNDER THE PLAN HAVE BEEN PAID; (B) THE CASES ARE DISMISSED OR CONVERTED TO CHAPTER 7; AND (C) ENTRY OF A FINAL ORDER BY THE COURT TERMINATING THE TEMPORARY ENFORCEMENT INJUNCTION AS TO A PARTICULAR CREDITOR DUE TO THE REORGANIZED DEBTOR'S DEFAULT UNDER THE PLAN AND FAILURE TO CURE SUCH DEFAULT WITHIN 15 CALENDAR DAYS FROM THE DATE ON WHICH THE AFFECTED CREDITOR GIVES WRITTEN NOTICE TO THE REORGANIZED DEBTOR AND THE RELEVANT RESPONSIBLE PERSON(S) OF SUCH DEFAULT.**

18. Solely with respect to Section XI.F of the Plan and the immediately preceding paragraph of this Confirmation Order, the term "Governmental Unit" shall not include the United States or any department, agency or instrumentality of the United States. Accordingly, (a) the "Temporary Enforcement Injunction" provided for by Section XI.F of the Plan shall not apply to the United States or any department, agency or instrumentality of the United States, and (b) this Confirmation Order shall not act as a temporary injunction to stay or restrain the taking of any

actions against any person by the United States or any department, agency or instrumentality of the United States.

19. To the maximum extent permitted pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments, or documents, (b) the creation of any Lien, mortgage, deed of trust or other security interest, (c) any transfers (directly or indirectly) of property pursuant to the Plan, and (d) any assumption by the Debtors of their interests in Unexpired Leases of nonresidential real property or Executory Contracts pursuant to section 365(a) of the Bankruptcy Code, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

20. The transfers contemplated under the Plan (a) are or shall be legal, valid and effective transfers of property for fair and reasonable consideration, (b) vest or shall vest in the transferee good title to such property free and clear of all Liens, Claims and other interests of any kind and in accordance with section 1123(a)(5) and (b)(5) of the Bankruptcy Code, except those expressly provided for under the Plan, (c) do not and shall not constitute fraudulent conveyances or transfers or unlawful distributions under any applicable law, and (d) do not and shall not subject the Debtors, the Estates, any of their current or future officers, directors, employees, owners, partners, beneficiaries, members, professionals, agents or representatives, or any of the property transferred to any liability by reason of such transfer under any applicable law, including any laws relating to fiduciary duty or successor or transferee liability.

21. All payments required to made on the Effective Date shall be deemed made on such date if paid on or about the Effective Date as part of the transactions consummating the Plan.

22. Nothing in the Plan or this Confirmation Order shall limit or affect the terms of any orders lifting the automatic stay previously entered by the Court in the Debtors' Cases.

23. To the fullest extent permitted by law, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Confirmation Order and all matters arising in and under, and related to, the Cases, as set forth in Section XIII of the Plan, or pursuant to section 1142 of the Bankruptcy Code.

24. After the Effective Date, if the Court enters a Conversion Order in AVR California's Case, the Reorganized Debtor's assets shall vest in the Chapter 7 Estate immediately upon entry of the Conversion Order unless the Conversion Order expressly provides that such conversion shall be effective on a different date.

25. After the Effective Date, if the Court enters a Conversion Order in AVR Vanpool's Case, no assets shall vest in the Chapter 7 Estate.

26. In the event of any inconsistency between the terms and provisions of this Confirmation Order, on the one hand, and the terms and provisions of the Plan, on the other hand, the terms and provisions of this Confirmation Order shall control.

27. Notwithstanding FRBP 3020(e), the terms and conditions of this Confirmation Order shall be effective and enforceable immediately upon its entry.

28. This Confirmation Order is intended to be a final order, and the period within which an appeal must be filed commences upon the entry hereof.

29. A post-confirmation status conference shall take place on February 8, 2023, at 11:00 a.m. The Reorganized Debtors shall file and serve a post-confirmation status report **accompanied by a declaration under penalty of perjury** not later than January 27, 2023.

# # # # #

Date: September 16, 2022

Sheri Bluebond
United States Bankruptcy Judge

1693491.4  26988

9