ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
mgottfried@elkinskalt.com
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Howard B. Grobstein,
Plan Disbursing Agent

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-20876-BB |
| AIRPORT VAN RENTAL, INC., et al.,[1] | Chapter 11 |
| Reorganized Debtor. | **PLAN DISBURSING AGENT'S MOTION TO REOPEN BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF HOWARD B. GROBSTEIN IN SUPPORT THEREOF** |
| . | |
| ☒  Affects all Debtors | |
| ☐  Affects the following Debtors | [**No Hearing Required**] |

Plan Disbursing Agent Howard B. Grobstein (the "Disbursing Agent"), requests that the Court reopen the above-entitled bankruptcy case (the "Bankruptcy Case"). Airport Van Rental, Inc. and AVR Vanpool, Inc. (the "Reorganized Debtors") are in default of First Amended Plan of Reorganization (the "Plan"), and the Reorganized Debtors informed the Disbursing Agent that they do not expect to make any further payments required by the Plan as their business operations have

---

[1] Pursuant to an order of the Court, this case was jointly administered with a case filed by AVR Vanpool, Inc., a California corporation, case no. 2:20-bk-20883-BB.

ceased. Under the circumstances, the Disbursing Agent believes that it is in the best interests of creditors for the case to be reopened and subsequently converted to Chapter 7. A Chapter 7 Trustee can investigate the reasons for the Reorganized Debtors' inability to make payments required by the Plan and determine whether any causes of action exist for the benefit of the unsecured creditor body. The Disbursing Agent's request is supported by the below Memorandum of Points and Authorities and the attached Declaration of Howard B. Grobstein. The Disbursing Agent expects to file a motion to convert the case to Chapter 7 shortly after the case is reopened by this Court.

Based on the above, the Disbursing Agent respectfully requests that the Court reopen the bankruptcy case at which time the Disbursing Agent shall file its motion to convert the case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Statement of Facts**

On August 12, 2022, the Debtors filed the Plan which provided, among other things, that the Reorganized Debtors are obligated to pay a fixed amount of $2,140,000 to the Disbursing Agent over a period of 8 years (the "Fixed Payment Amount"), and that "[t]he Reorganized Debtor will pay certain percentages of revenue received by the Reorganized Debtor during a 5-year period commencing on the Effective Date of the Plan (the "Revenue-Sharing Payments")." An order confirming the Plan (the "Confirmation Order") and an order of discharge (the "Discharge Order") were entered on September 16, 2022, and October 25, 2022, respectively (DE's 1051 and 1088). Howard B. Grobstein was appointed as the Disbursing Agent.

After confirmation of the Plan, the Reorganized Debtors paid the Disbursing Agent $1,395,000 of the Fixed Payment Amount on behalf of the creditors, leaving a future outstanding balance of $745,000. Additionally, the Reorganized Debtors paid the Disbursing Agent $491,380 on behalf of the creditors, on account of the Revenue-Sharing Payments. However, in or about April, 2025, the Reorganized Debtors informed the Disbursing Agent that they would be ceasing business operations, and that they did not anticipate making any further payments to the Disbursing Agent as required by the Plan.

///

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5683483.1

Subsequently, the Disbursing Agent engaged in discussions with the Reorganized Debtors and 1st Source Bank ("1st Source"), a secured creditor of the Debtor, to discuss whether there were any alternatives to reopening the bankruptcy case. These discussions culminated in the parties entering into a Forbearance Agreement pursuant to which the Disbursing Agent agreed to forbear from filing a motion to reopen the bankruptcy case before December 5, 2025, in exchange for which the Reorganized Debtor agreed to make 4 monthly payments in the collective amount of $60,000. A true and correct copy of the Forbearance Agreement is attached to the Declaration of Howard Grobstein as Exhibit "A". The Reorganized Debtor has defaulted on the Forbearance Agreement.

While the Reorganized Debtor paid the first installment due under the Forbearance Agreement, it subsequently failed to make the payment due to the Disbursing Agent in September, and informed the Disbursing Agent that it had ceased operations. 1st Source acknowledged the default and informed the Disbursing Agent that the Reorganized Debtor intended to enter into an Assignment for Benefit of Creditors to be funded by 1st Source. It is the position of the Disbursing Agent that such an Assignment for Benefit of Creditors would not be beneficial to the unsecured creditors of the estate for the following reasons: (a) the Disbursing Agent believes that a Court supervised process would provide far more transparency to creditors than an Assignment for Benefit of Creditors; (b) the fact that 1st Source would be funding the fees and costs of a prospective Assignee likely would impact the Assignee's investigation of potential actions against 1st Source and thereby taint the process; (c) the Plan specified that the Bankruptcy Court would "hear and determine any motion seeking conversion of the Cases to Chapter 7 of the Bankruptcy Code if there is a material default by the Reorganized Debtors."; and (d) an Assignment for Benefit of Creditors likely would cost the estate substantially more than a Chapter 7 bankruptcy case. There now has been a material default by the Reorganized under the Plan (as well as under the Forbearance Agreement), and as such, the Disbursing Agent contends that cause exists to reopen the Bankruptcy Case so that the case can be converted to Chapter 7.

**B.      DISCUSSION**

Federal Rule of Bankruptcy Procedure 5010 provides that a bankruptcy case may be reopened on motion of the debtor or other party in interest pursuant to 11 U.S.C. § 350(b). "A case

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

may be reopened . . . to accord relief to the debtor, or for other cause." Here, the Reorganized Debtors ceased operations and defaulted on making payments to the Disbursing Agent as required by the Plan. Moreover, the Reorganized Debtors also defaulted on the Forbearance Agreement discussed above. Under similar circumstances, courts have held that cause exists to reopen the bankruptcy case and convert it to Chapter 7. *See*, *e.g., Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d. Cir. 1997) ("Clearly, in view of [the Reorganized Debtor's] failure to make payments to the unsecured creditors as the plan required, the court did not abuse its discretion in taking that action and converting the Chapter 11 case to a Chapter 7 case. Thus, we reject any contention that the bankruptcy court lacked jurisdiction on the ground that it was acting in a closed case."). Here, as in *Donaldson v. Bernstein*, the Reorganized Debtor failed to make payments to the unsecured creditors as required by the Plan, and as such, cause exists to reopen the bankruptcy case.

Pursuant to LBR 9013-1(q)(11) and LBR 5010-1(e), a request to reopen a bankruptcy case may be determined without additional notice and without a hearing.

**WHEREFORE**, the Disbursing Agent respectfully requests that the Court grants the Motion and for such other and further relief as it deems just and proper.

DATED:  October 15, 2025

ELKINS KALT WEINTRAUB REUBEN
GARTSIDE LLP

By: _____
MICHAEL I. GOTTFRIED
Attorneys for Howard B. Grobstein,
Plan Disbursing Agent

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5683483.1

4

**DECLARATION OF HOWARD B. GROBSTEIN**

I, HOWARD B. GROBSTEIN, declare as follows:

1. I am the Plan Disbursing Agent (the "Disbursing Agent"), for Airport Van Rental, Inc., and AVR Vanpool, Inc. (collectively, the "Reorganized Debtors") as provided by the Order Confirming First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022 (the "Plan").  I have personal knowledge of the facts stated in this declaration, except those matters that are based upon my information and belief, and as to such matters, I believe such matters to be true. If called as a witness, I could testify competently to these facts.

2. I make this declaration in support of the Motion to Reopen Bankruptcy Case.

3. Pursuant to the Plan, the Reorganized Debtors are obligated to pay me, on behalf of the creditors, a fixed amount of $2,140,000 over a period of 8 years (the "Fixed Payment Amount") as well as certain percentages of revenue received by the Reorganized Debtor during a 5-year period commencing on the Effective Date of the Plan (the "Revenue-Sharing Payments")."

4. After confirmation of the Plan, the Reorganized Debtors paid me, for the benefit of the creditors, $1,395,000 of the Fixed Payment Amount, leaving a future outstanding balance of $745,000.  Additionally, the Reorganized Debtors paid me $491,380 for the benefit of the creditors, on account of the Revenue-Sharing Payments.   Based on payments received to date, I believe that the future potential Revenue-Sharing Payments would have been in the amount of approximately $808,000.

5. In or about April 2025, I was informed by the Reorganized Debtor that it was in the process of ceasing operations, and that it would be unable to continue making payments as required by the Plan.

6. Subsequently, I engaged in discussions with the Reorganized Debtors and 1st Source Bank ("1st Source"), a secured creditor of the Debtor, to discuss whether there were any alternatives to reopening the bankruptcy case.  These discussions culminated in the parties entering into a Forbearance Agreement pursuant to which I agreed to forbear from filing a motion to reopen the bankruptcy case before December 5, 2025, in exchange for which the Reorganized Debtor agreed to make 4 monthly payments in the collective amount of $60,000. A true and correct copy of the

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Forbearance Agreement is attached to the Declaration of Howard Grobstein as Exhibit "A".

7.   While the Reorganized Debtor paid the first installment due under the Forbearance Agreement, it subsequently failed to make the payment due to me in September and informed me that it had ceased operations.  1st Source acknowledged the default and informed my counsel that the Reorganized Debtor intended to enter into an Assignment for Benefit of Creditors to be funded by 1st Source.

8.   I believe that an Assignment for Benefit of Creditors would not be beneficial to the unsecured creditors of the estate for the following reasons:  (a) a Court supervised process would provide far more transparency to creditors than an Assignment for Benefit of Creditors; (b) the fact that 1st Source would be funding the fees and costs of a prospective Assignee likely would impact the Assignee's investigation of potential actions against 1st Source and thereby taint the process; (c) the Plan specified that the Bankruptcy Court would "hear and determine any motion seeking conversion of the Cases to Chapter 7 of the Bankruptcy Code if there is a material default by the Reorganized Debtors."; and (d) an Assignment for Benefit of Creditors likely would cost the estate substantially more than a Chapter 7 bankruptcy case

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2025, at Los Angeles, California.

Howard B. Grobstein,
Plan Disbursing Agent

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# EXHIBIT A

## FORBEARANCE AGREEMENT

This forbearance agreement (the "Agreement") is entered into by and between Airport Van Rental, Inc. ("AVR"), Howard B. Grobstein solely in his capacity as Plan Disbursing Agent (the "Agent") pursuant to the *First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022* (the "Plan")[1] and the order confirming the Plan (the "Confirmation Order"),[2] and 1st Source Bank ("1st Source" and, together with AVR and the Agent, the "Parties" and each a "Party"), effective as of August 4, 2025 (the "Effective Date"), on the following terms and conditions:

## RECITALS

A.    On December 11, 2020 (the "Petition Date"), AVR and certain affiliated entities filed voluntary chapter 11 petitions for relief under Title 11, United States Code (the "Bankruptcy Code").

B.    On August 12, 2022, AVR filed the Plan.

C.    Under the Plan, a Settlement Fund was established to be the conduit for the receipt of proceeds and distribution to holders of certain allowed claims against AVR's estate.

D.    The Agent was appointed under the Plan as the Plan Disbursing Agent and charged with handling all payments in connection with the Settlement Fund.

E.    The Settlement Fund was initially funded by payment of $500,000 as set forth in the Plan.

F.    The Plan also provided for AVR, as the reorganized debtor, to make certain fixed payments and revenue-sharing payments to the Settlement Fund on a schedule as set forth in the Plan.

G.    On September 16, 2022, the Bankruptcy Court entered the Confirmation Order. The Effective Date of the Plan was September 30, 2022.

H.    1st Source has a first position security interest on all, or substantially all, of AVR's assets, including accounts receivable.

I.    The Agent believes and asserts that AVR is in default on making certain fixed payment and revenue-sharing payments under the Plan.  The Agent has advised AVR of his intention to file a motion to reopen the Bankruptcy Case for the purpose of seeking conversion or dismissal of the Bankruptcy Case.

---

[1] *See In re Airport Van Rental, Inc., et al*, Case No. 2:20-bk-20876-BB (the "Bankruptcy Case"), previously pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), ECF No. 1017.
[2] *See* Bankruptcy Case ECF No. 1051.

J.    The Parties have met and conferred and enter this Agreement so that the Agent will forbear on filing any motion in the Bankruptcy Case, subject to the terms set forth in this Agreement.

## TERMS

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties intending to be legally bound, agree as follows:

1.    The foregoing recitals are incorporated herein as if fully set forth again below.

2.    The Agent agrees that he shall not file any motion in the Bankruptcy Case related to an asserted payment default by AVR under the Plan before December 5, 2025, in exchange for AVR agreeing to pay to the Agent $60,000 as follows: (i) $15,000 by no later than August 11, 2025; (ii) $15,000 by no later than September 1, 2025; (iii) $15,000 by no later than October 31, 2025; and (iv) $15,000 by no later than November 28, 2025.

3.    If AVR fails to timely make any payment set forth above and such default is not cured within three (3) business days of the Agent providing AVR and 1st Source written notice (including electronically) of AVR's failure to make such payment, the Agent may file any motion he deems necessary or appropriate in the Bankruptcy Case.

4.    1st Source agrees that AVR may make the payments set forth in Paragraph 2 above to the Agent and that 1st Source will not assert that such payments constitute a violation of 1st Source's security interest or improper use of 1st Source's collateral.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the dates noted below:

Dated: August 8, 2025

**PLAN DISBURSING AGENT**

_____
Howard B. Grobstein

Dated: August __, 2025

**AIRPORT VAN RENTAL, INC.**

_____
Yazdan Irani
Authorized Agent

Dated: August 8, 2025

**1st SOURCE BANK**

_____
Jeffrey L. Buhr
Chief Credit Officer

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **PLAN DISBURSING AGENT'S MOTION TO REOPEN BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF HOWARD B. GROBSTEIN IN SUPPORT THEREOF** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 15, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard T Baum**    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **John D Beals**    john@pieringlawfirm.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Howard Camhi**    hcamhi@mrllp.com, bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;wgenovese@mrllp.com;jkissinger@mrllp.com
- **Donald H Cram**    don.cram@stinson.com, cas@severson.com
- **Michael G D'Alba**    mgd@lnbyg.com
- **John P Dillman**    houston_bankruptcy@lgbs.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **M Douglas Flahaut**    df@echoparklegal.com
- **Danielle R Gabai**    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Kim P. Gage**    kgage@cookseylaw.com
- **Duane M Geck**    dmg@severson.com, pag@severson.com
- **Evelina Gentry**    evelina.gentry@akerman.com, rob.diwa@akerman.com;reyko.delpino@akerman.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **Lydia A Hewett**    lydia.hewett@cpa.state.tx.us
- **James P Hill**    jhill@fennemorelaw.com, bkstaff@sullivanhill.com;hill@ecf.inforuptcy.com;kramer.kathleenc.r97749@notify.bestcase.com; Cashman-Kramer@sullivanhill.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Courtney J Hull**    bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov
- **Alphamorlai Lamine Kebeh**    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Jonathan J Kim**    jkim@pszjlaw.com, jkim@pszjlaw.com
- **Matthew F Kye**    mkye@kyelaw.com
- **Donny P Le**    Donny.Le@doj.ca.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

- **Elan S Levey**     elan.levey@usdoj.gov,
  usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Peter W Lianides**     plianides@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Wendy A Loo**     wendy.loo-smart@lacity.org
- **Garry A Masterson**     BnkEcf-CA@weltman.com, gmasterson@weltman.com
- **Kevin H Morse**     kmorse@clarkhill.com, blambert@clarkhill.com;kwebster@clarkhill.com
- **Randall P Mroczynski**     randym@cookseylaw.com
- **Haleh C Naimi**     hnaimi@advocatesolutionsinc.com
- **Holly J Nolan**     holly@sglwlaw.com, missy@sglwlaw.com
- **Tom Roddy Normandin**     tnormandin@pnbd.com, cathyjones@pnbd.com
- **R Gibson Pagter**     gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Uzzi O Raanan**     URaanan@GreenbergGlusker.com,
  Calendar@GreenbergGlusker.com;JKing@GreenbergGlusker.com
- **Jeremy V Richards**     jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Gary B Rudolph**     grudolph@fennemorelaw.com,
  bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
- **Zev Shechtman**     Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David Samuel Shevitz**     David.S.Shevitz@usdoj.gov
- **Michael D Sobkowiak**     msobkowiak@flg-law.com, jfriedman@flg-law.com;jmartinez@flg-law.com;cbryant@flg-law.com
- **Richard A Solomon**     richard@sgswlaw.com
- **Laurie A Spindler**     Dora.Casiano-Perez@lgbs.com
- **John N Tedford**     JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **Laura L Thatcher**     laura@thatcherlawgroup.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **Glenn S Walter**     gwalter@honigman.com
- **Larry D Webb**     Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Elizabeth Weller**     Dora.Casiano-Perez@lgbs.com
- **Roye Zur**     rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **October 15, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 15, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 15, 2025 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.