ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
  *mgottfried@elkinskalt.com*
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Howard B. Grobstein,
Plan Disbursing Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-20876-BB |
| AIRPORT VAN RENTAL, INC., et al.,[1] | Chapter 11 |
| Reorganized Debtor. | **PLAN DISBURSING AGENT'S NOTICE OF MOTION AND MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

☒  Affects all Debtors

☐  Affects the following Debtors

Date:      November 26, 2025
Time:      10:00 a.m.
Place:     Courtroom 1539
             255 E. Temple St.
             Los Angeles, CA

[1] Pursuant to an order of the Court, this case was jointly administered with a case filed by AVR Vanpool, Inc., a California corporation, case no. 2:20-bk-20883-BB.

*(Left margin, vertical text)* ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP  10345 W. Olympic Blvd.  Los Angeles, California 90064  Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
  *mgottfried@elkinskalt.com*
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Howard B. Grobstein,
Plan Disbursing Agent

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:20-bk-20876-BB |
| AIRPORT VAN RENTAL, INC., et al.,[1] | Chapter 11 |
| Reorganized Debtor. | **PLAN DISBURSING AGENT'S NOTICE OF MOTION AND MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ☒   Affects all Debtors | Date:      November 26, 2025 |
| ☐   Affects the following Debtors | Time:      10:00 a.m.<br>Place:     Courtroom 1539<br>             255 E. Temple St.<br>             Los Angeles, CA |

[1] Pursuant to an order of the Court, this case was jointly administered with a case filed by AVR Vanpool, Inc., a California corporation, case no. 2:20-bk-20883-BB.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Howard B. Grobstein, in his capacity as the Plan Disbursing Agent (the "Disbursing Agent") appointed pursuant to the *First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022* (the "Plan") [Docket No. 1017] of Airport Van Rental, Inc. ("AVR" and together with AVR Vanpool, Inc., collectively, the "Debtors" or "Reorganized Debtors") confirmed by this Court on September 16, 2022 [Docket No. 1051], hereby moves (the "Motion"), pursuant to 11 U.S.C. § 1112(b)(4)(N), for entry of an order converting the Debtors' bankruptcy cases to Chapter 7.

**PLEASE TAKE FURTHER NOTICE** that there is ample "cause" for conversion of the Debtors' case to Chapter 7. Debtors have materially defaulted on the Plan by, among other things, failing to make multiple payments required under the Plan, ceasing their operations, and informing the Disbursing Agent that they would not make any further payments to the Disbursing Agent as required by the Plan.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Howard B. Grobstein filed as Docket No. 1186, the pleadings and papers on file with the Court, and on such other matters as may be presented to the Court at the time of the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on November 26, 2025, at 10:00 a.m., before the Honorable Sheri Bluebond, United States Bankruptcy Judge, in Courtroom 1539, located at 255 E. Temple Street, Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that any opposition to the Motion must be filed with the Court and served, **not later than fourteen (14) days prior to the hearing date set forth above**, on counsel for the Disbursing Agent, Roye Zur of Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W. Olympic Blvd., Los Angeles, CA 90064, facsimile number (310) 746-4499. **Pursuant to Local Bankruptcy Rule 9013-1(h), a failure to respond in writing by this deadline may be deemed by the Court to be consent to the granting of the relief requested in the Motion.**

**WHEREFORE,** the Disbursing Agent respectfully requests that the Court: (1) grant the

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5745563

Motion, (2) enter an order converting the above-captioned bankruptcy case to Chapter 7, and (3) grant such other further relief as may be just and proper.

DATED:  October 29, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: _____

MICHAEL I. GOTTFRIED
ROYE ZUR
Attorneys for Howard B. Grobstein,
Plan Disbursing Agent

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5745563

3

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

## MEMORANDUM OF POINTS AND AUTHORITIES

Howard B. Grobstein, in his capacity as the Plan Disbursing Agent (the "Disbursing Agent") appointed pursuant to the *First Modified First Amended Chapter 11 Plan of Reorganization Dated May 24, 2022* (the "Plan") [Docket No. 1017] of Airport Van Rental, Inc. ("AVR" and together with AVR Vanpool, Inc., collectively, the "Debtors" or "Reorganized Debtor") confirmed by this Court on September 16, 2022 [Docket No. 1051], hereby submits this Memorandum of Points and Authorities in support of his motion (the "Motion"), pursuant to 11 U.S.C. § 1112(b)(4)(N), for entry of an order converting this bankruptcy case to Chapter 7.

## I.    INTRODUCTION

The Reorganized Debtor has materially defaulted on its obligations set forth in the Plan confirmed by this Court.  It ceased making Plan payments to the Disbursing Agent over six months ago, has definitively stated that no further payments would be made (amounting to over $2,000,000), and recently purported to effectuate an assignment for benefit of creditors (funded by one of its secured creditors) despite that the Disbursing Agent stated his intention to file this Motion.  The Reorganized Debtor's material default under the Plan mandates the conversion of the case to Chapter 7.  It is clear that a trustee must be appointed immediately to investigate the Reorganized Debtor's financial affairs and determine the best course of action.

Accordingly, and for the reasons set forth herein, the Motion should be granted.

## II.    STATEMENT OF FACTS

### A.    General Background

On December 11, 2020 (the "Petition Date"), the Debtors each filed a voluntary Chapter 11 petition for relief under the Bankruptcy Code.  The Debtors' bankruptcy cases were jointly administered, with Lead Case No. 2:20-bk-20876-BB.

### B.    The Plan and Confirmation of the Plan

On August 12, 2022, the Debtors filed the Plan.  Briefly, the Plan provides that the Reorganized Debtors will make various payments into a "Settlement Fund" – to be administered by the Disbursing Agent – for the benefit of unsecured creditors.  Payments required to be made include, among other payments, a fixed amount of $2,140,000 to the Disbursing Agent over a period

5745563

4

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

of 8 years (the "Fixed Payment Amount"), and "certain percentages of revenue received by the Reorganized Debtor during a 5-year period commencing on the Effective Date of the Plan (the "Revenue-Sharing Payments")" with a guarantee of $1.8 million. *See* Plan, Art. I.  The Plan also provides that if the Reorganized Debtor is sold (or substantially all of the Reorganized Debtor's assets are sold) within 8 years after the Effective Date, the Settlement Fund will receive the greater of (1) $700,000 and (2) 6.5% of the net sales proceeds.  If the Reorganized Debtor is not sold (or substantially all of the Reorganized Debtor's assets are not sold) within 8 years after the Effective Date, the Reorganized Debtor will pay $700,000 into the Settlement Fund.  *Id.*

The Plan provides that "[t]he Plan Disbursing Agent shall have the authority to enforce all post-confirmation obligations of the Reorganized Debtor with respect to the Settlement Fund . . . ." Plan, Art. IX., § J.

The Plan provides that the Court shall retain jurisdiction to the fullest extent permitted by law to, among other things, "hear and determine any motion seeking conversion of the Cases to Chapter 7 of the Bankruptcy Code if there is a material default by the Reorganized Debtors with respect to the Plan."  Plan, Art. XIII, ¶ 10.

An order confirming the Plan (the "Confirmation Order") and an order of discharge (the "Discharge Order") were entered on September 16, 2022, and October 25, 2022, respectively [Docket Nos. 1051, 1088].   The Effective Date of the Plan was September 30, 2022.  [Docket No. 1061.]  Howard B. Grobstein was appointed as the Disbursing Agent.

**C.    The Reorganized Debtor's Default Under the Plan[2]**

Following entry of the Confirmation Order, the Reorganized Debtor paid the Disbursing Agent $1,395,000 of the Fixed Payment Amount for the benefit of creditors, leaving a future outstanding balance of $745,000.  Additionally, the Reorganized Debtor paid the Disbursing Agent $491,380 on account of the Revenue-Sharing Payments for the benefit of creditors.

In or about April 2025, the Reorganized Debtor informed the Disbursing Agent that it would be ceasing business operations, and that it did not anticipate making any further payments to the

---

[2]  *See generally* Declaration of Howard B. Grobstein, Docket No. 1186, at pp. 5-6.

Disbursing Agent as required by the Plan. Subsequently, the Disbursing Agent engaged in discussions with the Reorganized Debtor and 1st Source Bank ("1st Source"), a secured creditor of the Reorganized Debtor, to discuss whether there were any alternatives to reopening the bankruptcy case.

These discussions culminated in the parties entering into a Forbearance Agreement pursuant to which the Disbursing Agent agreed to forbear from filing a motion to reopen the bankruptcy case before December 5, 2025, in exchange for which the Reorganized Debtor agreed to make 4 monthly payments in the collective amount of $60,000. A true and correct copy of the Forbearance Agreement is attached to the Declaration of Howard Grobstein as Exhibit "A" (Docket No. 1186]. The Reorganized Debtor has defaulted on the Forbearance Agreement.

While the Reorganized Debtor paid the first installment due under the Forbearance Agreement, it subsequently failed to make the payment due to the Disbursing Agent in September, and informed the Disbursing Agent that it had ceased operations. 1st Source acknowledged the default and informed the Disbursing Agent that the Reorganized Debtor intended to enter into an Assignment for Benefit of Creditors, to be funded by 1st Source.

### D.    The Reopening of the Bankruptcy Case

On October 15, 2025, the Disbursing Agent filed a motion to reopen this bankruptcy case. [Docket No. 1186.] On October 22, 2025, the Court entered an order reopening the case. [Docket No. 1188.]

## III.    ARGUMENT

### A.    Legal Standard

Pursuant to 11 U.S.C. § 1112(b), "the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b). Section 1112(b) defines "cause" to include, among other things, "material default by the debtor with respect to a confirmed plan." 11 U.S.C. § 1112(b)(4)(N).

The failure to make payments required by a confirmed plan constitutes a "material default"

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

amounting to "cause" for conversion of the case to Chapter 7. *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022) ("[W]e agree that failing to make required plan payments can be a material default of the plan, even if the debtor has made payments for an extended period before the default or taken other significant steps to perform the plan."); *see also*, *e.g.*, *Kenny G Enters., LLC v. Casey (In re Kenny G Enters., LLC)*, No. BAP CC-13-1527, 2014 WL 4100429, at *13-14 (9th Cir. BAP Aug. 20, 2014) (holding that a "failure to pay creditors pursuant to the Plan certainly was" a material default constituting cause for conversion); *Warren v. Young (In re Warren)*, No. BAP EC-14-1390, 2015 WL 3407244, at *5 (9th Cir. BAP May 28, 2015) (holding that "failure to make any payments to several unsecured creditors for more than four years in contravention of the Plan amounted to a material default and constituted cause to convert or dismiss the bankruptcy case"); *In re Red Door Lounge, Inc*., 559 B.R. 728, 733 (Bankr. D. Mont. 2016) (failure to make monthly loan payments and pay property taxes was material default).

In *Baroni*, the Ninth Circuit affirmed the bankruptcy court's conversion of the debtor's case to Chapter 7 based on her failure to make payments to a secured creditor "for at least six months with a past due amount of at least $200,000 if not more." *Baroni*, 36 F.4th at 967-68. The Ninth Circuit explained that, because "both the amount and the length of time of [the debtor's] default were significant," the default was material and justified conversion of the case to Chapter 7. *Id.* at 968.

**B.** **The Court Should Convert the Bankruptcy Case to Chapter 7 Because the Reorganized Debtor Has Materially Defaulted on Its Obligations Under the Confirmed Plan**

The Reorganized Debtor clearly has materially defaulted on its obligations under the Plan. Not only has the Reorganized Debtor failed to make payments for six months, it has also definitively stated that it will not make any Plan payments in the future, and that it has ceased all operations. The Reorganized Debtor's total repudiation of the Plan – as a contract, *see Hillis Motors, Inc. v. Hawaii Auto Dealers' Association*, 997 F.2d 581, 588 (9th Cir. 1993) – is not just a material breach, it is a total breach. *See Kossler v. Palm Springs Dev., Ltd.*, 101 Cal. App. 3d 88, 102 (1980) ("It is well settled that an unequivocal repudiation of the contract by one party prior to material breach of

5745563

the contract by the other party excuses the other party from tendering performance of his concurrently conditional obligations."); *Baroni*, 36 F.4th at 967.

The Reorganized Debtor's failure to perform under the Plan will deprive unsecured creditors of over $2,000,000 expected to be received into the Settlement Fund for the benefit of such creditors. Nor will unsecured creditors ever receive the guaranteed payment of $700,000 (or 6.5% of the net sale proceeds, whichever is greater) promised to them in the event of a sale (or $700,000 if there is no sale within 8 years after the Effective Date). In sum, the Reorganized Debtor unquestionably has materially defaulted on its Plan obligations. Therefore, there is "cause" under section 1112(b)(4) to convert the Reorganized Debtor's case to Chapter 7.

**C.    The Court Should Convert the Bankruptcy Case to Chapter 7 to Allow a Chapter 7 Trustee to Investigate the Reorganized Debtor's Financial Affairs and Take Appropriate Action**

The Disbursing Agent understands that the Reorganized Debtor and 1st Source made the unilateral decision to enter into an assignment for benefit of creditors ("ABC") under California law (to be funded by 1st Source) despite knowing that the Disbursing Agent was preparing this Motion. The Disbursing Agent submits that this Court should convert the case to Chapter 7 because it would be more beneficial to the unsecured creditors because: (a) a Court-supervised process with an independent Chapter 7 trustee would provide far more transparency to creditors than an out-of-court ABC; (b) that 1st Source would be funding the fees and costs of an assignee likely would impact that individual's investigation of potential actions against 1st Source and thereby taint the process; (c) the Plan already contemplated that this Court would "hear and determine any motion seeking conversion of the Cases to Chapter 7 of the Bankruptcy Code if there is a material default by the Reorganized Debtors"; and (d) an ABC likely would cost substantially more than a Chapter 7 bankruptcy case (in fact, the assignee has negotiated a fee of $30,000 per month, payable as a carve-out from 1st Source's collateral).

While the Disbursing Agent anticipates that the assignee or the Reorganized Debtor will argue that, because the ABC purportedly already was effectuated, the "train has left the station" and the Reorganized Debtor has nothing to for a Chapter 7 trustee to administer, the Disbursing Agent

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5745563                                                    8

believes that this is an argument for a Chapter 7 trustee to address at the appropriate time.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Disbursing Agent respectfully requests that the Court: (1) grant the Motion, (2) enter an order converting the above-captioned bankruptcy case to Chapter 7, and (3) grant such other further relief as may be just and proper.

DATED:  October 29, 2025              ELKINS KALT WEINTRAUB REUBEN
                                     GARTSIDE LLP


                                     By: _____
                                         MICHAEL I. GOTTFRIED
                                         ROYE ZUR
                                         Attorneys for Howard B. Grobstein,
                                         Plan Disbursing Agent

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5745563                                                    9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **PLAN DISBURSING AGENT'S NOTICE OF MOTION AND MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 29, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard T Baum**    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **John D Beals**    john@pieringlawfirm.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Howard Camhi**    hcamhi@mrllp.com, bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;wgenovese@mrllp.com;jkissinger@mrllp.com
- **Donald H Cram**    don.cram@stinson.com, cas@severson.com
- **Michael G D'Alba**    mgd@lnbyg.com
- **John P Dillman**    houston_bankruptcy@lgbs.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **M Douglas Flahaut**    df@echoparklegal.com
- **Danielle R Gabai**    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Kim P. Gage**    kgage@cookseylaw.com
- **Duane M Geck**    dmg@severson.com, pag@severson.com
- **Evelina Gentry**    evelina.gentry@akerman.com, rob.diwa@akerman.com;reyko.delpino@akerman.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **Lydia A Hewett**    lydia.hewett@cpa.state.tx.us
- **James P Hill**    jhill@fennemorelaw.com, bkstaff@sullivanhill.com;hill@ecf.inforuptcy.com;kramer.kathleenc.r97749@notify.bestcase.com; Cashman-Kramer@sullivanhill.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Courtney J Hull**    bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov
- **Alphamorlai Lamine Kebeh**    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Jonathan J Kim**    jkim@pszjlaw.com, jkim@pszjlaw.com
- **Matthew F Kye**    mkye@kyelaw.com
- **Donny P Le**    Donny.Le@doj.ca.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **Elan S Levey**    elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Peter W Lianides**    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Wendy A Loo**    wendy.loo-smart@lacity.org
- **Garry A Masterson**    BnkEcf-CA@weltman.com, gmasterson@weltman.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com;kwebster@clarkhill.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Haleh C Naimi**    hnaimi@advocatesolutionsinc.com
- **Holly J Nolan**    holly@sglwlaw.com, missy@sglwlaw.com
- **Tom Roddy Normandin**    tnormandin@pnbd.com, cathyjones@pnbd.com
- **R Gibson Pagter**    gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Uzzi O Raanan**    URaanan@GreenbergGlusker.com, Calendar@GreenbergGlusker.com;JKing@GreenbergGlusker.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Gary B Rudolph**    grudolph@fennemorelaw.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David Samuel Shevitz**    David.S.Shevitz@usdoj.gov
- **Michael D Sobkowiak**    msobkowiak@flg-law.com, jfriedman@flg-law.com;jmartinez@flg-law.com;cbryant@flg-law.com
- **Richard A Solomon**    richard@sgswlaw.com
- **Laurie A Spindler**    Dora.Casiano-Perez@lgbs.com
- **John N Tedford**    JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **Laura L Thatcher**    laura@thatcherlawgroup.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Glenn S. Walter**    gwalter@honigman.com
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Elizabeth Weller**    Dora.Casiano-Perez@lgbs.com
- **Roye Zur**    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:

On (*date*) **October 29, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 29, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2025 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

In re Airport Van Rental, Inc.
2:20-bk-20876-BB
Service List

Debtor's Counsel
John N Tedford, IV
Levene, Neale, Bender, Yoo
& Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Ste 1850
Los Angeles, CA 90017

Request for Special Notice
Andrea L. Hanson, Esq.
Verra Mobility
1150 N. Alma School Road
Mesa, AZ 85201

Request for Special Notice
Gary B. Rudolph, Esq.
Sullivan Hill Rez & Engel
600 B Street, Suite 1700
San Diego, CA 92101