Elissa D. Miller (CA Bar No. 120029)
  elissa.miller@gmlaw.com
Steve Burnell (CA Bar No. 286557)
  steve.burnell@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for John J. Menchaca, Chapter 7 Trustee



**FILED & ENTERED**

**FEB 11 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli  DEPUTY CLERK**

<span style="color:red">CHANGES MADE BY COURT</span>

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>AIRPORT VAN RENTAL, INC., AND AVR VANPOOL, INC.,<br><br>Debtors. | Case No. 2:20-bk-20876-BB (Lead Case)<br>2:20-bk-20883-BB<br><br>Chapter 7<br><br>**ORDER APPROVING STIPULATION BY AND BETWEEN JOHN J. MENCHACA, CHAPTER 7 TRUSTEE, HOWARD B. GROBSTEIN, DISBURSING AGENT; 1ST SOURCE BANK; AND AVR ABC LLC, ASSIGNEE**<br><br>No Hearing Required Unless Requested Pursuant to LBR 9013-1(o) |

The "*Stipulation By And Between John J. Menchaca, Chapter 7 Trustee, Howard B. Grobstein, Disbursing Agent; 1st Source Bank; and AVR ABC LLC, Assignee*" (the "Stipulation") [Dkt. No. 1214] came on regularly before the Court. The Court read and considered the Stipulation and good cause appearing therefor,

**HEREBY ORDERS** as follows:

1.    The Stipulation is approved;

2.    Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Stipulation;

EDM 63746757v2

**GREENSPOON MARDER LLP**
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL 213.626.2311 • FAX 954.771.9264

3.    Assignee shall be relieved of any obligation, to the extent any obligation exists, to turnover the Assets to the Trustee and shall remain in possession of the Assets pursuant to the Assignment Agreement;

4.    Upon execution of the Stipulation, Disbursing Agent shall turnover to the Trustee all funds in his possession together with a list of creditors including each creditors address, to the extent Disbursing Agent has such information, and the original amount of each claim and the total amount paid to each creditor to date (the "Distribution List"); Upon his turnover of such information and funds, Disbursing Agent shall be relieved of any further obligations under the Plan;

5.    1st Source agrees that the funds turned over to the Trustee by Disbursing Agent are not the collateral of 1st Source and shall be administered by the Trustee to pay costs of administration, priority and unsecured creditors in accordance with the priority scheme set forth in the Bankruptcy Code; 1st Source has also agreed to waive any deficiency claim as against the estate;

6.    The Parties agree that property of the Converted Estate includes but is not limited to the funds turned over by the Disbursing Agent and, if any, claims and causes of action preserved in the Plan and/or arising from and after the Effective Date;

7.    With regard to the Post Reorganization Claims, the Trustee agrees to determine within 120 days of the date of entry of this Order whether he intends to pursue any or all of such claims. At the expiration of the 120 days, unless the Trustee files a notice before such date, the Trustee will file a Notice of Abandonment of the Post Reorganization Claims other than those he intends to pursue;

8.    To the extent Disbursing Agent or his professionals contend that further funds are due and owing to any of them, Disbursing Agent and his professionals shall file requests for payment of claim and upon agreement or, if no agreement is made as to the amount, court order, the Trustee shall treat such claims as a Chapter 11 administrative claims which shall be paid pari passu with any other allowed chapter 11 administrative claims at the time of distributions pursuant to the Trustee's Final Report;

1

9.     For the avoidance of doubt, within fourteen (14) days after entry of this Order, the Trustee shall file a Notice of Abandonment of the Assets, other than those retained by the Converted Estate pursuant to ¶¶ 6 and 7;

10.     In the event of a dispute regarding the terms and conditions or interpretation of the Stipulation or this Order, such dispute shall be heard in the Bankruptcy Court overseeing the instant case;

11.     Each party will bear its respective attorneys' fees and costs in connection with the preparation of the Stipulation; and

12.     The Court retains jurisdiction in the event of a dispute arising out of the Stipulation or this Order.

**# # #**

Date: February 11, 2026

Sheri Bluebond
United States Bankruptcy Judge

GREENSPOON MARDER LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL 213.626.2311 • FAX 954.771.9264

2